UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC ROGERS, <br><br> Plaintiff, <br><br> – against – <br><br> QUICK STOP ON FIRST AVE INC., and 1293 FIRST AVENUE REALTY, LLC, <br><br> Defendants. | **ORDER** <br><br> 19 Civ. 2802 (ER) |

RAMOS, D.J.:

On March 28, 2019, Eric Rogers brought this action against Quick Stop on First Avenue Inc. and 1293 First Avenue Realty, LLC (together, "Defendants") for violation of the Americans with Disabilities Act and related claims. Doc. 1. Though Defendants were served on April 15, 2019, they have yet to appear in this action or respond to the complaint. Docs. 5-6. On April 2, 2020, the Court directed the parties to submit a joint status report by April 16, 2020 and warned that "[f]ailure to comply with this Order may result in sanctions including dismissal for failure to prosecute." Doc. 7 (citing Fed. R. Civ. P. 41). Because Plaintiff has not responded to the Court's Order, or otherwise been in contact with the Court for well over a year, the Court dismisses this case for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**I.     Standard**

Courts evaluating dismissal under Rule 41(b) must consider:

> (1) the duration of the plaintiff's failures,
> (2) whether plaintiff had received notice that further delays would result in dismissal,
> (3) whether the defendant is likely to be prejudiced by further delay,
> (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and
> (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).  When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

## II.   Discussion

Here, each *LeSane* factor weighs in favor of dismissal.  *First*, Plaintiff has neither responded to the Court's Order nor been in contact with the Court in over a year.  "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b).  *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (collecting cases).

*Second*, Plaintiff was given notice that his case would be dismissed for failure to prosecute.  Doc. 7 (citing Fed. R. Civ. P. 41).  Despite this warning, Plaintiff has not contacted the Court.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed[.]" *LeSane*, 239 F.3d at 210.  Because Plaintiff was unresponsive to the Court's Order, and has not otherwise been in contact with the Court in over a year, the Court perceives no circumstances rebutting this presumption.  *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12 Civ. 1005 (ER), 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014) (presuming prejudice where plaintiff had no contact with the Court for eight months).

*Fourth*, Plaintiff has failed to take advantage of his "right to due process and a fair chance to be heard[.]" *LeSane*, 239 F.3d at 209.  Indeed, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000).

*Finally*, no weaker sanction than dismissal could remedy Plaintiff's failure to prosecute this case.  Not only has Plaintiff failed to advance his case for over a year, but he has also failed to comply with the Court's Order.  Dismissal is appropriate where, as here, Plaintiff "appears to have abandoned the litigation[.]" *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all of these reasons, the Court dismisses Plaintiff's case with prejudice.  The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:  January 25, 2021
        New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.